UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES A. COTTIER, | ) | CIV. 11-5026-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION |
| STEVE SCHAEFFER, Detective; | ) | FOR CHANGE OF VENUE |
| BRUCE MILLIKAN, Detective; | ) | |
| TERRY PERSING, Detective; | ) | |
| MCCLARY, Detective; RUMPZA, | ) | |
| Detective; BUREAU, Detective; | ) | |
| JOSEPH NEILES, Circuit Judge; | ] | |
| LAWRENCE LONG, South Dakota | ) | |
| Attorney General; DAVID NELSON, | ) | |
| States Attorney; JAMES L. IOSTY, | ) | |
| Deputy States Attorney; DUSTIN | ) | |
| W. DEBOER, Deputy States | ) | |
| Attorney; TIM REISCH, South | ) | |
| Dakota Secretary of Corrections; | ) | |
| DOUGLAS WEBER, Warden; | ) | |
| OWEN SPURRELL, Associate | ) | |
| Warden; DARIN YOUNG, Associate | ) | |
| Warden; DARYL SLYKHUIS, | ) | |
| Deputy Warden; and Unknown | ) | |
| South Dakota Department of | ) | |
| Corrections Administration, all in | ) | |
| their individual and official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

On March 31, 2011, plaintiff James A. Cottier filed a complaint against defendants pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. (Docket 1). Service of process was executed on all defendants except Tim Reisch and Lawrence Long. On June 17, 2011,

defendants Steve Schaeffer, Bruce Millikan, Terry Persing, Detective McClary, Detective Rumpza, Detective Bureau, David Nelson, James L. Iosty, and Dustin DeBoer moved to transfer the case to the United States District Court for the District of South Dakota, Southern Division. (Docket 57). Defendants Joseph Neiles, Douglas Weber, Owen Spurrell, Darin Young, and Daryl Slykhuis joined in the motion. (Dockets 60 & 64). Counsel for Tim Reisch indicated Mr. Reisch would join in the motion if and when he is served. (Docket 64).

Upon motion of any party, the court has the discretion to transfer any civil action "from the division in which pending to any other division in the same district." 28 U.S.C. § 1404(b). "Intradistrict transfers pursuant to 28 U.S.C. § 1404(b)[1] are discretionary transfers subject to the same analysis as under 28 U.S.C. § 1404(a)[2] but are judged by a less rigorous standard." Edwards v. Sanyo Mfg. Corp., No. 3:05CV00293-WRW, 2007 WL 641412 at *1

---

[1]Section 1404(b) of Title 28 of the United States Code states in pertinent part:

> Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

28 U.S.C. § 1404(b).

[2]Section 1404(a) of Title 28 of the United States Code states:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

2

(E.D. Ark. Feb. 27, 2007); see also Johnson v. Burlington-Northern, Inc., 480 F. Supp. 259, 260 (D. Mo. 1979) (noting discretionary transfers under § 1404(b) are subject to fewer guidelines than transfers under § 1404(a)). Accordingly, the court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. Sanders v. Lee County School Dist. No. 1, No. 3:08CV00172 JLH, 2008 WL 5423267 at *1 (E.D. Ark. Dec. 23, 2008) (citing Terra Int'l v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997)). In evaluating these factors, the court may consider "(1) the accessibility to records and documents; (2) the location where the conduct complained of occurred; (3) judicial economy; (4) the plaintiff's choice of forum; [and] (5) the comparative costs to the parties of litigating in each forum." Id. (citing Terra Int'l, 119 F.3d at 696). The burden is on the moving party to demonstrate transfer is appropriate. Edwards, 2007 WL 641412 at *1.

 Defendants have satisfied the less rigorous standard applicable to transfers under § 1404(b). It is clear from the face of the complaint Mr. Cottier could have brought the action in the Southern Division of this district. Mr. Cottier is an inmate of the South Dakota State Penitentiary located in Minnehaha County, Sioux Falls, South Dakota. All of the served defendants are or were employees of one or more agency located in Minnehaha County. The events giving rise to the complaint occurred in Minnehaha County. It is clear the witnesses and evidence necessary to resolve Mr. Cottier's complaint are located in Minnehaha County. If this matter proceeds to trial, transfer to the division in which the witnesses reside would result in lower costs for obtaining the witnesses' appearances at trial.

Mr. Cottier alleges, although defendants "are entitled to [a] change of venue[,]" a transfer of this case to the Southern Division "will result in a unfair hearing because Defendants' special relations to the City of Sioux Falls, S.D." (Docket 74).  Mr. Cottier is concerned a transfer "will violate his right to exercise due process and equal protection of law." Id.  The court finds Mr. Cottier's arguments and concerns are unavailing and unwarranted.  The federal district court in the Southern Division operates completely independently from the South Dakota state courts, state agencies and the municipality of Sioux Falls.  The federal district court in the Southern Division routinely presides over cases involving state actors.  There is no risk of unfair prejudice to Mr. Cottier if he pursues his claims in the Southern Division.  In considering the convenience of the witnesses, the convenience of the parties, and the interests of justice, the court finds transfer pursuant to § 1404(b) is appropriate.  Good cause appearing, it is hereby

ORDERED that defendants' motion for change of venue (Docket 57) is granted.  The court transfers the above-captioned case to the United States District Court for the District of South Dakota, Southern Division.

Dated August 10, 2011.

                                                     BY THE COURT:

                                                     /s/ *Jeffrey L. Viken*
                                                     JEFFREY L. VIKEN
                                                     UNITED STATES DISTRICT JUDGE